# ORIGINAL

## In the United States Court of Federal Claims

No. 18-1312C
(Filed September 21, 2018)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * *
                                *
                                *
                                *
GERARD L. WEBB,                 *
                                *
               Plaintiff,       *
                                *
      v.                        *
                                *
THE UNITED STATES,              *
                                *
               Defendant.       *
                                *
* * * * * * * * * * * * * * * * *
```

**FILED**

**SEP 2 1 2018**

U.S. COURT OF
FEDERAL CLAIMS

### ORDER

On August 24, 2018, Gerard Webb filed a complaint with the bare allegation, stated twice, that "pay wasnt [sic] sufficient to cover all options available, Housing pay, subsistence pay, expenses." Complaint ¶¶ 1, 3. On the accompanying cover sheet, Mr. Webb used nature-of-suit code 340 ("Military Pay – Back Pay"), and requested back pay in the amount of $2,608,000,000.

On September 4, 2018, the Clerk's office received two additional documents from Mr. Webb. The first consists of a letter from Mr. Webb and a copy of his previous cover sheet on which he crossed out the initial requested amount and instead wrote $362,608,000,000. On this sheet, he also changed the Agency Identification Code from the Department of Defense to the Army. It appears this document is an attempt to amend Mr. Webb's initial complaint and it shall be filed accordingly as an amendment to his original complaint.

The second additional document is a complaint with sparse but nearly identical language to his initial complaint---alleging that "pay **isn't** sufficient to cover all options available, Housing pay, subsistence pay, expenses" (emphasis added). The cover sheet for this document lists the Agency Identification Code as "VA," and indicates the following nature-of-suit codes: 300 ("Civilian Pay – Back Pay"), 303 ("Civilian Pay – Disability Annuity"), and 312 ("Civilian Pay – Other").

7018 0040 0001 1393 2980

An "[u]nlimited" amount of damages is claimed by plaintiff. Mister Webb also submitted a check to cover the filing fee for a new complaint.

As Mr. Webb is representing himself, he apparently does not realize he can combine multiple claims against the United States in the same case. In light of plaintiff's *pro se* status, the Court will treat the second additional document as another amendment to the complaint in case No. 18-1312C. Since no filing fee is required for amendments, the Clerk is directed to return to Mr. Webb the check he submitted with this second document.

Although Mr. Webb is claiming an impossibly large amount of damages---as it is inconceivable that he could be owed hundreds of billions of dollars, much less an award without limit---our court does have jurisdiction over certain claims for military or civilian pay. But among the initial complaint and the two amendments, the allegations are not specific enough to enable a meaningful response from the government. A fourth document received from Mr. Webb, filed by the Clerk on September 14, 2018, fills in some of the gaps, and should be treated as an exhibit to his amended complaint. *See* ECF No. 5. This document, an application for the correction of military records signed and dated by plaintiff on September 5, 2018, indicates that he was discharged (presumably from the Army) on February 7, 2017, and seeks a correction regarding his "Base Pay" from July 3, 1996, through February 7, 2007. Absent from this case, however, are any specific allegations concerning civilian pay earned (or disability incurred) while in the employ of the United States Department of Veterans Affairs (VA). Nor are there any allegations concerning the legal grounds for his claimed entitlement to back pay for his Army service. The Court, moreover, notes that it is not clear whether the difference between the discharge date (February 7, 2017) and the end point for his base pay claim (February 7, 2007) is intentional or a typographical error.

Under these circumstances the Court finds it appropriate, under Rule 12(e) of the Rules of the United States Court of Federal Claims, to require a more definite statement from Mr. Webb concerning his claims. *See Bernier v. Trump*, 299 F. Supp. 3d 150, 159 (D.D.C. 2018) (applying the identical rule from the Federal Rules of Civil Procedure, explaining that "a court can *sua sponte* order a plaintiff to submit a more definite statement" (quoting *Momenian v. Davidson*, 878 F.3d 381, 391 (D.C. Cir. 2017) (citing, *inter alia*, 2 James Wm. Moore et al., Moore's Federal Practice ¶ 12.34[1][b] (3d ed. 2017))). Within twenty-eight days of the date of this order, Mr. Webb must submit a more definite statement regarding his claims for back pay from the Army and the VA. In particular, the Court requires clarifications with respect to: (1) the time period for which Mr. Webb believes he was underpaid; (2) the statutes or regulations which he contends entitle him to more pay than he has received; and (3) an explanation of why he contends he is owed back pay by the U.S. Department of Veterans Affairs.

The government's response to the amended complaint will not be due until thirty-one days after service of the more definite statement by Mr. Webb.

**IT IS SO ORDERED.**

VICTOR J. WOLSKI
Senior Judge